UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DEBORAH BERG and KAREN BEDENBAUGH, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 21-cv-11733-ADB |
| ELAINE CIAMPA, | * * | |
| Defendant. | * * * | |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS**

BURROUGHS, D.J.

Plaintiffs Deborah Berg and Karen Bedenbaugh ("Plaintiffs") have brought an action seeking to (1) enforce a judgment entered in their favor against Elaine Ciampa ("Defendant") pursuant to 28 U.S.C. § 1738 and (2) initiate supplementary process proceedings against Defendant in accordance with Massachusetts General Laws ch. 244, § 14. [ECF No. 1 ("Compl.")]. Before the Court is Defendant's motion to dismiss Plaintiffs' claims for lack of subject matter jurisdiction. [ECF No. 4]. For the reasons stated herein, the motion, [ECF No. 4], is DENIED.

I.      **BACKGROUND**

The following facts are drawn from Plaintiffs' complaint, [Compl.], and viewed in the light most favorable to Plaintiff. Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014) (citation omitted).

In 1993, Oscar Nelson and Mary Nelson (the "Nelsons") established a trust for each of their daughters (the "Trusts"), Mary Ann Birmingham ("Ms. Birmingham") and Defendant

Elaine Ciampa.  [Compl. ¶ 8].[1]  Defendant was named a fifty-percent beneficiary of the Trusts.
[Id.].

Ms. Birmingham is the mother of Plaintiffs Deborah Berg and Karen Bedenbaugh.[2]
[Compl. ¶ 8].  Upon Ms. Birmingham's death in 2002, Plaintiffs each acquired a one-eighth
beneficial interest in the Trusts.  [Id. ¶ 9].[3]  Oscar Nelson passed away in 2011, at which point
Defendant became the trustee of the Trusts and began misusing Plaintiffs' share of the funds
such that, by the end of 2014, Defendant had converted $1,969,493.13 from the Trusts for her
own use.  [Id. ¶¶ 10–11].

Plaintiffs sued Defendant in the Circuit Court of the Sixth Judicial Circuit for Pinellas
County Florida for conversion of trust funds, [Compl. ¶ 14]; [ECF No. 1-1], and in January 2019,
the court entered judgment (the "Florida Judgment") against Defendant and awarded each
Plaintiff $246,186.64.  [Id.].  Plaintiffs allege that, to date, Defendant has not made any voluntary
payments to Plaintiffs to satisfy the judgment.  [Id. ¶ 15].

To collect on the Florida Judgment, Plaintiffs brought an action against Defendant and
Fidelity Investments ("Fidelity") in Suffolk County Superior Court on March 5, 2019.  [Compl. ¶
16]; [ECF No. 1-2.  In that action, Plaintiffs sought "to reach and apply funds that [Defendant]
held with Fidelity Investments . . . ."  [Compl. ¶ 16].  The Superior Court entered judgment (the
"Superior Court Judgment") in favor of Plaintiffs, finding that Defendant owed each Plaintiff
$227,575.86, and ordered Fidelity Investments to use funds in Defendant's accounts to satisfy
the judgment.  [Id. ¶ 18]; [ECF No. 1-2.  As a result, Plaintiffs have collected $211,761.51—

[1] Defendant is a resident of Massachusetts.  [Compl. ¶ 1].
[2] Plaintiff Deborah Berg resides in Connecticut and Plaintiff Karen Bedenbaugh in North
Carolina.  [Compl. ¶¶ 2–3].
[3] Plaintiffs' interest in the Trusts vested along with their two other siblings who also received a
one-eighth beneficial interest.  [Compl. ¶ 9].

$105,880.75 each—from Defendant. [Compl. ¶ 18]. The outstanding balance of the Florida Judgement, accounting for sums recovered through the Superior Court Judgment as well as a smaller sum collected in Florida, is $290,605.15. [Id. ¶ 23].

One month after the Suffolk County Superior Court entered judgment in favor of Plaintiffs, Massachusetts adopted the Uniform Enforcement of Foreign Judgments Act (the "UEFJ"), which provides a streamlined procedure for plaintiffs who hold judgments in another state or in federal court to register their judgment in the district court or municipal court of the judicial district in which the defendant resides. Mass. Gen. Laws ch. 218, § 4A; [Compl. ¶ 20]. Plaintiffs availed themselves of the newly enacted legislation and registered the Florida Judgment in the Boston Municipal Court ("BMC") on May 20, 2019. [Compl. ¶ 21]. Plaintiffs obtained an execution from BMC and "recorded [it] with the Suffolk County Registry of Deeds[,] which became a lien on property owned by [Defendant that is worth $3.5 million] . . . ." [Id. ¶ 22]. However, because Defendant "owns the Property as tenants by the entirety with her husband, [] Plaintiffs have not been able to satisfy any portion of the Judgment through their lien on [Defendant's] [p]roperty." [Id.].

Plaintiffs also contend that Defendant has sought to hide assets to avoid satisfying the Florida Judgment. Defendant, for example, has continued to pay over $9,000 per month towards two properties in Florida in which she has an interest, but to avoid paying Plaintiffs she has not disclosed her interest in the properties. [Compl. ¶ 24]. Defendant's efforts to prevent Plaintiffs from collecting on the Florida Judgment also include using her daughter's bank account to receive funds, making payments from her daughter's account to pay her expenses[,]" and "arrang[ing] for [her] husband's wealth management firm . . . to pay her expenses for her." [Id. ¶ 27].

## II.     LEGAL STANDARD

In evaluating a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court must determine whether the facts as alleged in the complaint, "taken at face value," support subject matter jurisdiction.  Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017).  The Court "appl[ies] a standard of review 'similar to that accorded a dismissal for failure to state a claim' under subsection 12(b)(6)."  Rodriguez v. Mass. Parole Bd., 2017 WL 706597, at *2 (D. Mass. Feb. 22, 2017) (quoting Menge v. N. Am. Specialty Ins. Co., 905 F. Supp. 2d 414, 416 (D.R.I. 2012)).  The Court must "accept the factual averments of the complaint as true, and construe those facts in the light most congenial to [Plaintiffs'] cause." Royal v. Leading Edge Prods., 833 F.2d 1, 1 (1st Cir. 1987) (citation omitted).  "Dismissal can be justified only if it clearly appears that no colorable hook exists upon which subject matter jurisdiction can be hung."  Id.  Even so, "a plaintiff who seeks to bring her suit in a federal forum bears the burden of establishing that the federal court has subject-matter jurisdiction." Klimowicz v. Deutsche Bank Nat'l Tr. Co., 907 F.3d 61, 64 (1st Cir. 2018) (citation omitted).

## III.     DISCUSSION

Plaintiffs brought this action to enforce a judgment against Defendant and to initiate supplementary process proceedings to collect the remaining balance due under the Florida judgment.  [Compl. ¶¶ 28–29].  Defendant argues that the complaint should be dismissed for lack of subject matter jurisdiction because Plaintiffs (1) "improperly seek[] to register a state court judgment in federal court" under 28 U.S.C. § 1963, conflicting with this Court's decision in Woo v. Spackman, 2019 WL 6715134, at *3 (D. Mass. 2019), aff'd, 988 F.3d 47, 48–49 (1st Cir. 2021), and (2) cannot establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and (3)

4

because abstention is warranted under either the <u>Younger</u> or <u>Colorado River</u> abstention doctrines.  [ECF No. 5 at 4–11].

### A.      Plaintiffs Are Not Seeking to Register a State Court Judgment

Plaintiffs seek to enforce the Florida Judgment against Defendant pursuant to 28 U.S.C. § 1738.  [Compl. ¶ 28].  Under § 1738, authenticated "records and judicial proceedings of any court of any" state are entitled to the "same full faith and credit in every court within the United States."  28 U.S.C. § 1738.  Defendant argues that the case must be dismissed because, as this Court held in <u>Woo</u>, state court judgments cannot be "registered" in federal court under 28 U.S.C. § 1963.  <u>See</u> 2019 WL 6715134, at *3; [ECF No. 5 at 4–5].  Plaintiffs counter that they are not seeking to register the Florida Judgment in this Court under § 1963, and instead have instituted an independent action based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  [ECF No. 7 at 4–5].

Section 1963 is a statute that permits the registration of certain judgments in federal district court.  In <u>Woo</u>, this Court addressed whether "§ 1963 permits the registration of only federal court judgments and therefore implicitly does not permit federal courts to register state court judgments."  2019 WL 6715134, at *2.  There, the plaintiff had not filed an independent action in federal court based on the state-court judgment, but rather sought to register a state-court order in federal court.  <u>Id.</u> at *1.  Citing the plain meaning and legislative history of the statute, this Court "join[ed] the Second, Sixth, and Ninth Circuits, as well as the District of New Hampshire, in finding that [§ 1963] only empowers federal district courts to register the judgments of other federal district courts[,]" <u>id.</u> at *3, and the First Circuit affirmed.  <u>Woo II</u>, 988 F.3d at 48–49.  In its opinion, the First Circuit explained that § 1963 "does not foreclose other avenues for enforcing a state court judgment in federal court where some independent basis for federal jurisdiction exists."  <u>Woo II</u>, 988 F.3d at 52.  Here, it is plain from the face of the

complaint that Plaintiffs are not attempting to register the Florida Judgment in federal court pursuant to § 1963.  Instead, they took one of the "other avenues" and filed a lawsuit based on diversity jurisdiction pursuant to § 1332(a).  Thus the complaint is not foreclosed by § 1963.[4]

### B.    This Is Not a Removal Action

Defendant argues that Plaintiffs have no basis to claim diversity jurisdiction because Plaintiffs' claims are "akin [to] those in which a party seeks removal of a state court action to federal court" and therefore "Defendant is the only party authorized to effectuate such a removal."  [ECF No. 5 at 5–6].  This argument is without merit.  Plaintiffs are not seeking to remove a case from state court to federal court, [ECF No. 7 at 5], rather they have instituted an independent action, based on diversity jurisdiction, that asserts a claim under § 1738.

### C.    Plaintiffs' Claim Does Not Warrant Abstention Under <u>Younger</u>

 Defendant also contends that the complaint must be dismissed pursuant to the <u>Younger</u> abstention doctrine.  "Abstention is a device designed to facilitate the side-by-side operation of federal and state courts, balancing their respective interests in the spirit of comity."  <u>Coggeshall v. Mass. Bd. of Registration of Psychs.</u>, 604 F.3d 658, 664 (1st Cir. 2010) (citing <u>Younger v. Harris</u>, 401 U.S. 37, 44 (1971)).  Under <u>Younger</u>, "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings."  <u>Id.</u> (citing <u>Brooks v. N.H. Supreme Ct.</u>, 80 F.3d 633, 637 (1st Cir. 1996)).  The Supreme Court has stressed, however, that the circumstances warranting <u>Younger</u> abstention are "exceptional" and that the general rule is that "pendency of an action in a state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."  <u>Sprint Comms., Inc. v.</u>

---

[4] There is diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000.00.  [Compl. ¶ 4].  Defendant does not contest that both the diversity and amount in controversy requirements of § 1332(a)(1) are met in this case.  [ECF No. 7 at 5].

6

<u>Jacobs</u>, 571 U.S. 69, 73 (2013) (quoting <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817 (1976)) (internal alteration omitted).

The First Circuit has identified a three-step analysis to determine whether <u>Younger</u> applies. <u>Sirva Relocation, LLC v. Richie</u>, 794 F.3d 185, 192–93 (1st Cir. 2015). First, the pending state proceeding must be a criminal prosecution, civil enforcement proceeding or a civil proceeding "that implicate[s] a State's interest in enforcing the orders and judgments of its courts." <u>Id.</u> at 192 (quoting <u>Sprint</u>, 571 U.S. at 70). "Second, the case must meet the three <u>Middlesex</u> factors: 1) the state proceeding is ongoing, 2) it involves significant state interests and 3) it permits the plaintiff to raise his federal claims." <u>Amadi v. Dep't of Children and Families</u>, 245 F. Supp. 3d 316, 321 (D. Mass. 2017) (citing <u>Brooks</u>, 80 F.3d at 638). Third, whether one of the recognized exceptions to the <u>Younger</u> doctrine applies, including when the state proceeding is brought "in bad faith" to harass, there is "concrete evidence" of bias, or if the state statute is "flagrantly and patently violative of express constitutional prohibitions." <u>Sirva</u>, 794 F.3d at 192 (quoting <u>Younger</u>, 401 U.S. at 53); <u>Amadi</u>, 245 F. Supp. 3d at 321. If those circumstances are present, abstention is not warranted.

Defendant argues that each prong of the analysis is satisfied. With respect to the first, she argues that the reach-and-apply action, which resulted in the Superior Court Judgment, and the BMC action, in which Plaintiffs registered the Florida Judgment and obtained an execution that became a lien on Defendant's property, implicate the Commonwealth's interests in enforcing the orders and judgments of its courts. [ECF No. 5 at 7]. As for the <u>Middlesex</u> factors, Defendant contends that (1) the BMC and Superior Court proceedings are ongoing, (2) the instant action involves significant state interests because it seeks to institute supplementary process proceedings created by Mass. Gen. Laws ch. 224, § 14, and (3) the state proceedings provided

Plaintiffs with the same opportunity to raise the claims asserted in the federal litigation.  [Id. at 8].  Finally, Defendant argues that no exceptions to Younger apply.  [Id. at 9].  The Court disagrees.  Even assuming that the first and third prongs are met, the Court finds that the Middlesex factors are not.

To satisfy the second of the Middlesex factors, the movant must show that the state proceeding must "involve significant state interests . . . ."  Amadi, 245 F. Supp. 3d at 321 (citation omitted).  Here, Defendant argues that this element is met because the instant case involves supplementary process proceedings provided by Massachusetts' law.  [ECF No. 5 at 8].  That argument errs as it misunderstands the Middlesex analysis.  The Middlesex factors are used to assess the underlying state action, including whether the state action implicates significant state interests.  Here, Defendant argues only that significant state interests are implicated because Plaintiffs seek, in the instant action, to initiate summary process proceedings.  Critically, she does not argue that the underlying proceedings involve significant state interests or that the institution of summary process proceedings would interfere with the state proceedings.[5]  That omission is fatal to her argument and the Court declines to abstain on Younger grounds.

---

[5] Even if the state actions also sought to institute summary process proceedings, that alone would be insufficient to justify abstention under Younger.  To satisfy the significant state interest element, the potential interference must be substantial.  That element is met when, for example, a plaintiff seeks to invalidate a state's "statutes, schemes, and procedures" as unconstitutional. AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1150 (9th Cir. 2007).  In contrast, abstention is not warranted in instances where, as here, a plaintiff merely seeks relief pursuant to a state statute and does not claim, for example, that the statute is unconstitutional or otherwise invalid.  Joubert-Vazquez v. Alvarez-Rubio, 820 F. Supp. 2d 281, 286 (D.P.R. 2011) (holding that Younger abstention did not apply where the plaintiffs challenged only a result of an administrative process rather than challenging the legality of the administrative process itself).

### D.     Plaintiffs' Claim Does Not Warrant Abstention Under <u>Colorado River</u>

Defendant further contends that the complaint must be dismissed pursuant to the

<u>Colorado River</u> abstention doctrine.  [ECF No. 5 at 9–11].  This doctrine allows federal courts in

limited instances to stay or dismiss proceedings that overlap, or are merely duplicative of,

concurrent litigation in state court, however, the mere presence of parallel litigation in state court

alone does not warrant abstention.  <u>Jiménez v. Rodríguez-Pagán</u>, 597 F.3d 18, 27 (1st Cir. 2010);

<u>Congress Credit Corp. v. AJC Int'l, Inc.</u>, 42 F.3d 686, 689 (1st Cir. 1994) (holding that an action

is duplicative under <u>Colorado River</u> if the parties and theories of recovery are the same).

Notably, of all the abstention doctrines, "<u>Colorado River</u> abstention 'is to be approached with the

most caution . . . .'"  <u>Id.</u>

To determine whether there are exceptional circumstances that justify abstention, the

Court considers a non-exhaustive list of factors:

> (1) whether either court has assumed jurisdiction over a res; (2) the [geographical]
> inconvenience of the federal forum; (3) the desirability of avoiding piecemeal
> litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state
> or federal law controls; (6) the adequacy of the state forum to protect the parties'
> interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect
> for the principles underlying removal jurisdiction.

<u>Rio Grande Cmty. Health Ctr., Inc. v. Rullan</u>, 397 F.3d 56, 71–72 (1st Cir. 2005).

Defendant argues that abstention is warranted because (1) the BMC has assumed

jurisdiction over a res, (2) it would avoid duplicative and piecemeal litigation, and (3)

Massachusetts' law controls the supplementary process that Plaintiffs seek.  [ECF No. 5 at 10].

The Court again disagrees.  Most importantly, Plaintiffs' request for relief in the instant action is

distinct from the relief sought in the state proceedings, and therefore the federal and state actions

are not parallel or duplicative.  Here, Plaintiffs seek to initiate supplemental process proceedings,

whereas in the Superior Court action they sought to reach and then apply funds that belonged to

9

Defendant and were being held by Fidelity in order to satisfy the Florida Judgment, and in the BMC action they merely registered the Florida Judgment and obtained an execution that became a lien on Defendant's property.  Because the proceedings are not parallel, the Court cannot abstain.  Trent v. Dial Med. of Fla., Inc., 33 F. 3d 217, 223 (3rd Cir. 1994) (holding that "when a federal court cases involves claims that are distinct from those at issue in a state court case, the cases are not parallel and do not justify Colorado River abstention"); see also Amvest Corp. v. Mayoral Amy, 778 F. Supp. 2d 187, 198 (D.P.R. 2011) ("If the proceedings are not parallel, then the Colorado River inquiry comes to an end.") (collecting cases).

## IV.    CONCLUSION

Accordingly, because this Court has diversity jurisdiction over Plaintiffs' claims under § 1332(a)(1) and abstention is not warranted under Younger or Colorado River, Defendant's motion to dismiss for lack of subject matter jurisdiction, [ECF No. 4], is DENIED.

**SO ORDERED.**

August 31, 2022                                        /s/ Allison D. Burroughs
                                                      ALLISON D. BURROUGHS
                                                      U.S. DISTRICT JUDGE