UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH BERG and <br> KAREN BEDENBAUGH, <br> *Plaintiffs,* <br><br> v. <br><br> ELAINE CIAMPA, <br> *Defendant*. | Civil Action No. 1:21-cv-11733-ADB |

### DEFENDANT ELAINE CIAMPA'S ANSWER TO COMPLAINT

Defendant Elaine Ciampa hereby answers the Complaint as follows, with paragraph numbers corresponding to those of the Complaint:

### PARTIES

1. Admitted.

2. Admitted.

3. Admitted.

### JURISDICTION AND VENUE

4. Admitted that there is a diversity of citizenship but denied that subject matter jurisdiction over this case exists under to 28 U.S.C. §1332.

5. Denied that the provisions of 28 U.S.C. §1738 establish subject matter jurisdiction over this case.

6. Admitted that venue in this District is proper pursuant to 28 U.S.C. §1391 (b)(1), but denied that venue is proper in this District under 28 U.S.C. §1391 (b)( 2).

## FACTS

### A. Judgment Against Ms. Ciampa

7. Admitted.

8. Admitted.

9. Admitted that Mary Ann Birmingham died in or about 2002. Terms of the Trust instrument speak for themselves, so no further answer is required.

10. The allegations in the first sentence of paragraph 10 are admitted. The allegations in the second sentence of paragraph 10 are denied.

11. The allegations in paragraph 11 are denied.

12. The allegations in paragraph 12 are denied. Specifically, the records concerning expenditures from the Trust on behalf of Mary Nelson, the Defendant's mother and the Plaintiffs' grandmother, were maintained in storage. Ms. Ciampa gave the keys to the storage unit to the Plaintiffs, so they had unfettered access to all records concerning the Trust.

13. Admitted that Ms. Ciampa occupied rental property in Florida, and that during a period of time when she occupied that property, she took care of her mother. The remaining allegations in paragraph 13 are denied.

14. Terms of the Judgment entered by the Circuit Court of the Sixth Judicial Circuit for Pinellas County, Florida speak for themselves and require no further answer.

**15.** The Defendant does not understand what the reference to a possible payment to the Plaintiffs means, so the Defendant is unable to admit or deny the allegation in the first clause of Paragraph 15 and, to the extent necessary, denies the allegations. To the extent paragraph 15 alleges that Ms. Ciampa was obliged to make payments from the Trust to the Plaintiffs, that allegation is denied. To the extent that it alleges that she did not make voluntary payments to the

Plaintiffs, the Trust was exhausted by payments related to the care of the Defendant's mother and Plaintiffs' grandmother, pursuant to the purpose and intent of the Trust, so there were no funds to pay "voluntarily" and, therefore, that allegation is admitted.

### B. Partial Collection of Judgment Through Massachusetts Proceedings

16. The proceedings in the Suffolk County Superior Court speak for themselves. It is admitted that Plaintiffs did file suit in Suffolk Superior Court which, among other things, sought to recover funds that Ms. Ciampa held at Fidelity Investments.

17. Admitted that in the Superior Court Action, Ms. Ciampa did supply a forensic accounting. Denied that forensic accounting is "not creditable". To the contrary, the forensic accounting demonstrates that the claims by the Plaintiffs are wholly inaccurate, unfair, and that the Trust funds were used by Ms. Ciampa to support her mother and related expenses, consistent with the purpose and intent of the Trust.

18. Terms of the Judgment entered by the Superior Court speak for themselves and so no further answer is required. The Defendant calls upon the Plaintiffs to prove the amounts collected from Fidelity as alleged in paragraph 18.

19. Admitted that Ms. Ciampa filed an appeal of the Superior Court Judgment, which has been decided.

20. Paragraph 20 purports to summarize provisions of Massachusetts state law, and it is not allegation of fact. Therefore, no answer is required.

21. Admitted that the Plaintiffs filed the Florida Judgment with the Boston Municipal Court on or about May 20, 2019 purportedly under G.L. c. 218, § 4A, et seq..

22. Admitted that the Plaintiffs recorded an execution issued by the Boston Municipal Court at the Suffolk County Registry of Deeds. The remaining allegations of the first sentence

of paragraph 22 are denied. The allegations in this second sentence of paragraph 22 are legal conclusions to which no answer is required.

23. The Defendant is unable to admit or deny the amount remaining, if any, to satisfy the Florida Judgment and calls upon the Plaintiffs to prove the same.

### C. Ms. Ciampa's Depletion and Hiding of Assets

24. The allegations in Paragraph 24 are denied.

25. The allegations in Paragraph 25 are denied. The Court's attention is directed to the fact that the document attached to the Complaint as Exhibit C does not bear the signature of Elaine Ciampa and does not purport to be her application for anything. Furthermore, references in the document to marital status pertains to the applicant, Robert A. Mintz, not Elaine Ciampa.

26. Admitted that Ms. Ciampa traveled. The remaining allegations in paragraph 26 are denied to the extent they purport to allege that she was under any obligation to "provide any Trust funds to Plaintiffs", as the Trust funds were used to support Ms. Ciampa's mother and the Plaintiffs' grandmother and to pay for related expenses, consistent with the purpose and intent of the Trust.

27. The allegations in paragraph 27 are denied. Further answering, the Court's attention is directed to the fact that Ms. Ciampa is past retirement age, not employed, and is dependent on her longtime husband for support.

### COUNT I.    ENFORCEMENT OF JUDGMENT PURSUANT TO 28 U.S.C. §1738

28. To the extent that paragraph 28 fails and refuses to acknowledge collection under the Judgment, including pursuant to the Superior Court's execution and collection efforts in Florida, the allegations in paragraph 28 are denied. To the extent that paragraph 28 alleges that

28 U.S.C. §1738 operates to establish the United States District Court as a collection court, that allegation is denied.

29. Paragraph 29 recites the Plaintiffs' reasons for bringing this action, to which no response is needed. To the extent it asserts the United States District Court should be used to initiate supplementary process pursuant to Massachusetts General Laws chapter 244, section 14, under circumstances where the Plaintiffs have already pursued collection in two (2) state court proceedings, the same is denied. Furthermore, it is denied that "this Court is the most appropriate forum for this dispute", inasmuch as the Plaintiffs have already initiated and prosecuted proceedings in the Massachusetts Superior Court and Boston Municipal Court. A third judicial proceeding is abusive, and a waste of this Court's time and resources.

## DEFENSES

### FIRST DEFENSE
### Failure to State a Claim

The Complaint should be dismissed for failure to state a claim.

### SECOND DEFENSE
### Lack of Subject Matter Jurisdiction

The Complaint should be dismissed for failure of subject matter jurisdiction.

### THIRD DEFENSE
### Prior Pending Action

The Complaint should be dismissed because the Plaintiffs already have commenced and prosecuted two prior actions in the state courts, including proceedings in the Boston Municipal Court pursuant to the Massachusetts Uniform Enforcement of Foreign Judgments Act, G.L. c. 218, §4A. Therefore, this Action should be dismissed.

**FOURTH DEFENSE**
**<u>Abstention</u>**

Even if this Court determines that it possesses jurisdiction over the subject matter, it should abstain from taking any action due to the Plaintiffs' existing pursuit of supplementary process in the Massachusetts Superior Court and the Boston Municipal Court pursuant to the Massachusetts Uniform Enforcement of Foreign Judgments Act, G.L. c. 218, § 4A

    Respectfully submitted,

    ELAINE CIAMPA, *Defendant*

    By her attorneys,

Dated: September 23, 2022      */s/ Robert J. O'Regan*
    Robert J. O'Regan (BBO #379970)
    roregan@burnslev.com
    BURNS & LEVINSON LLP
    125 High Street
    Boston, MA 02110
    Tel: (617) 345-3000
    Fax: (617) 345-3299
    *roregan@burnslev.com*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of this document filed through the ECF system will be sent electronically to counsel for the Plaintiffs the through the Court's electronic filing system on September 23, 2022.

                                                  */s/ Robert J. O'Regan*
                                                  Robert J. O'Regan (BBO #379970)

4892-8999-0452.1