UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DEBORAH BERG and KAREN BEDENBAUGH, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 21-cv-11733-ADB |
| ELAINE CIAMPA, | * * * | |
| Defendant. | * * * | |

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

Plaintiffs Deborah Berg and Karen Bedenbaugh ("Plaintiffs") brought this action seeking to (1) enforce a judgment entered in their favor against Elaine Ciampa ("Defendant") pursuant to 28 U.S.C. § 1738 and (2) initiate supplementary process proceedings against Defendant in accordance with Massachusetts General Laws ch. 224, § 14.[1] [ECF No. 1]. Before the Court is Plaintiff's motion for summary judgment. [ECF No. 17]. For the reasons stated herein, the motion, [ECF No. 17], is GRANTED.

---

[1] Plaintiffs cite to Massachusetts General Laws ch. 244, § 14 in both their complaint and motion for summary judgment. See [ECF No. 1 at 5; ECF No. 18 at 3–4]. It appears, however, that the correct supplementary process statute is Massachusetts General Laws ch. 224, § 14. The Court assumes that this is an inadvertent error and that the Plaintiffs' request is for supplementary process is under Massachusetts General Laws ch. 224, § 14.

I.      BACKGROUND

   A.     Local Rule 56.1

Local Rule 56.1 provides that "[a] party opposing [a] motion [for summary judgment] shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documents."  L.R. 56.1.  Defendant did not file a statement that complies with this requirement.  Local Rule 56.1 also states that "[m]aterial facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties."  L.R. 56.1.

Nevertheless, "'[d]istrict courts enjoy broad latitude' in adopting and administering such local rules."  NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 6 (1st Cir. 2002) (quoting Air Line Pilots Ass'n v. Precision Valley Aviation, Inc., 26 F.3d 220, 224 (1st Cir. 1994)); see also Ramsdell v. Bowles, 64 F.3d 5, 7 (1st Cir. 1995) (noting district court's "great leeway in the application and enforcement of its local rules").  As such, "[w]here a party opposing a motion for summary judgment fails to comply with Local Rule 56.1, the court has the discretion to decide whether to impose the sanction of deeming the moving party's factual assertions to be admitted."  Butters v. Wells Fargo Advisors, LLC, No. 10-cv-10072, 2012 WL 5959986, at *2 (D. Mass. Nov. 27, 2012) (citing Swallow v. Fetzer Vineyards, 46 F. App'x 636, 638–39 (1st Cir. 2002)) (further citation omitted); Plourde v. Sorin Grp. USA, Inc., 517 F. Supp. 3d 76, 81 (D. Mass. 2021) (quoting Butters, 2012 WL 5959986, at *2) (same).

Here, Defendant does not attempt to engage with the facts in Plaintiffs' motion.  Instead, she asks that the Court "revisit its decision to deny the Motion to Dismiss," [ECF No. 21 at 2];

2

see also [ECF Nos. 4, 8], without providing any new facts, intervening law, or change in circumstances that would change the Court's analysis, see [ECF No. 21 at 2–3]. Thus, in light of Defendant's lack of engagement with the merits of this motion, the Court will consider Plaintiffs' statement of material facts, [ECF No. 19], admitted by Defendant.

### B.    Material Facts

This case involves Defendant's conversion of trust funds to which Plaintiffs were entitled. [ECF No. 19 ¶ 2 ("SOF")]. On January 22, 2019, Plaintiffs obtained a judgment (the "Judgment") against Defendant from the Circuit Court for Pinella County, Florida, in the amount of $492,373.28. [Id. ¶ 1]. Defendant does not dispute that the Judgment is valid. See [ECF No. 18 at 4].

Since the Judgment, Plaintiffs have pursued the $492,373.28 in three ways. First, Plaintiffs domesticated the Judgment in the Boston Municipal Court ("BMC") and obtained executions from the BMC. [SOF ¶ 3]. Plaintiffs then recorded their executions on real estate owned by Defendant and obtained a lien on that real estate. [Id. ¶ 4]. Because Defendant owns the real estate with her husband, however, Plaintiffs have been unable to satisfy the Judgment through the lien. [Id.].

Second, on or around March 31, 2020, Plaintiffs obtained a judgment in the Suffolk County Superior Court ordering Fidelity Investments to give Plaintiffs any funds held by Defendant, up to the balance of the Judgment. [SOF ¶ 5]. Plaintiffs collected $211,761.51 as a result of that judgment. [Id. ¶ 6].

Third, Plaintiffs brought this action based on undisputed diversity jurisdiction to (1) enforce the Judgment and (2) initiate supplementary process proceedings against Defendant.

[SOF ¶¶ 10–11]. Plaintiffs have not yet initiated supplementary process to recoup the balance of the Judgment in either the Boston Municipal Court or the Suffolk Superior Court. [Id. ¶ 8].

Plaintiffs are currently seeking the balance of the Judgment, which is $290,605.15, plus interest since the date of the filing of the Complaint and costs. [SOF ¶ 9].

### C.  Procedural Background

On December 13, 2021, Defendant filed a motion to dismiss the complaint, arguing that "1) the Plaintiffs are not permitted to 'register' the Judgment in this Court, 2) the Plaintiffs are not permitted to 'remove' their case to this Court, 3) that Younger abstention warrants dismissal, and 4) that Colorado River warrants dismissal." [SOF ¶ 12]. The Court denied the motion on September 21, 2021. [Id. ¶ 13].

On December 6, 2022, Plaintiffs filed the instant motion for summary judgment, [ECF No. 17], a supporting memorandum, [ECF No. 18], and a statement of material facts, [ECF No. 19]. Defendant initially failed to respond, and on January 6, 2023, the Court ordered Defendant to show cause why summary judgment should not be granted for the reasons set forth in Plaintiff's motion. [ECF No. 20]. Defendant then filed an opposition on January 11, 2023. [ECF No. 21].

## II.  LEGAL STANDARD

Summary judgment is appropriate where the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A]n issue is 'genuine' if it 'may reasonably be resolved in favor of either party.'" Robinson v. Cook, 863 F. Supp. 2d 49, 60 (D. Mass. 2012) (alteration in original) (quoting Vineberg v. Bissonnette, 548 F.3d 50, 56 (1st Cir. 2008)). "A fact is material if its resolution might affect the outcome of the case under the controlling law." Cochran v.

Quest Software, Inc., 328 F.3d 1, 6 (1st Cir. 2003) (citation omitted). Thus, "[a] genuine issue exists as to such a fact if there is evidence from which a reasonable trier could decide the fact either way." Id. "The moving party bears the initial burden of asserting the absence of a genuine issue of material fact and 'support[ing] that assertion by affidavits, admissions, or other materials of evidentiary quality.'" McFee v. Lund, No. 18-cv-11158, 2021 WL 5310755, at *3 (D. Mass. Nov. 15, 2021) (alteration in original) (quoting Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003)).

> "To succeed in showing that there is no genuine dispute of material fact, the moving party must direct [the court] to specific evidence in the record that would be admissible at trial. That is, it must 'affirmatively produce evidence that negates an essential element of the non-moving party's claim,' or, using 'evidentiary materials already on file . . . demonstrate that the non-moving party will be unable to carry its burden of persuasion at trial.'"

Ocasio-Hernandez v. Fortuno-Burset, 777 F.3d 1, 4–5 (1st Cir. 2015) (second alteration in original) (quoting Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000)).

When reviewing the record, the Court "must take the evidence in the light most flattering to the [non-moving party], indulging all reasonable inferences in that party's favor." Cochran, 328 F.3d at 6 (citation omitted). The First Circuit has noted that this review "is favorable to the nonmoving party, but it does not give him a free pass to trial." Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011). "Once the moving party avers the absence of genuine issues of material fact, the nonmovant must show that a factual dispute does exist, but summary judgment cannot be defeated by relying on improbable inferences, conclusory allegations, or rank speculation." Fontanez-Nuñez v. Janssen Ortho LLC, 447 F.3d 50, 54–55 (1st Cir. 2006) (citation omitted). "The factual conflicts upon which he relies must [also] be both genuine and material." Gomez v. Stop & Shop Supermarket Co., 670 F.3d 395, 397 (1st Cir. 2012). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be

5

evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

## III. DISCUSSION

As an initial matter, without any new facts, intervening law, or change in circumstances identified by Defendant as part of her request that the Court revisit its decision on the motion to dismiss, see generally [ECF No. 21], the Court declines to do so. Thus, Plaintiffs remain properly before this Court pursuant to diversity jurisdiction. See [SOF ¶ 10; ECF No. 8]; see also Woo v. Spackman, 988 F.3d 47, 52 (1st Cir. 2021) (statute regarding registration of federal court judgments "does not foreclose other avenues for enforcing state-court judgment in federal court where some independent basis for federal jurisdiction exists").

The Court therefore turns to whether Plaintiffs are entitled to an award of the outstanding amount of the Judgement.[2] Article IV of the United States Constitution provides that

> Full Faith and Credit shall be given in each State to . . . judicial Proceedings of every other State.  And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

U.S. Const. art. IV, § 1.  Under 28 U.S.C. § 1738,

> The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.
>
> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

---

[2] Although some of the Judgment has been satisfied, not all of it has, and Plaintiffs are not pursuing the balance of the judgment in any other Court.  [SOF ¶¶ 5–6, 8–9; ECF No. 18-7 ¶ 5].

28 U.S.C. § 1738.  Where another court's order meets the requirements of § 1738, that order is given preclusive effect, and the court hearing the issue may order the payment of any proceeds from that judgment.  See United States v. One Assortment of 93 NFA Regulated Weapons, 897 F.3d 961, 970 (8th Cir. 2018) ("[D]istrict court did not err in relying on [another court's] civil judgment . . . in ordering [that] the proceeds [] from" that judgment be paid to plaintiff); Hazen Research, Inc. v. Omega Minerals, Inc., 497 F.2d 151, 153 (5th Cir. 1974) (where a portion of a state court judgment had already been paid, affirming district court's award of the outstanding balance and interest under 28 U.S.C. § 1738); Ayala v. Assured Lending Corp., 804 F. Supp. 2d 273, 287–88 (D.N.J. 2011) (granting summary judgment on counterclaim to enforce a "valid," partially-paid, state-court judgment because "the Constitution's Full Faith and Credit Clause requires the enforcement of the judgment unless it is shown that the judgment was entered without jurisdiction" (citing U.S. Const. Art. IV, § 1; 28 U.S.C. § 1738; Hazen Research, 497 F.2d 151)).

   Here, Plaintiffs submitted a certified copy of the Judgment from the state court in Florida.  [SOF ¶ 1, Ex. 1].  They did not, however, submit the copy "together with a certificate of a judge of the court that the said attestation is in proper form."  28 U.S.C. § 1738.  Despite the lack of a certificate, however, Defendant does not contest the authenticity of the certified copy of the Judgment, and the parties do not dispute that the Judgement is valid.  See [ECF No. 18 at 4].  Further, § 1738 "contains no language prohibiting a state court from admitting into evidence another state's records of judicial proceedings upon a lesser showing of authenticity than required by the statute," Smith v. Wisconsin, 399 F. Supp. 921, 924 (W.D. Wisc. Nov. 15, 2005), and "evidence of judicial proceedings may be admissible if less is shown than the statute requires when it conforms to the rules of evidence of the state where [a] trial is being held."  Donald v.

Jones, 445 F.2d 601, 606 (5th Cir. 1971).  In Massachusetts, "records and judicial proceedings of a court of another State or of the United States, if authenticated by the attestation of the clerk or other officer who has charge of the records of such court under its seal," are self-authenticating.  Mass. R. Evid. 901 (quoting Mass. Gen. L. ch. 233 § 69).  That is exactly the type of document at issue here.  See [SOF, Ex. 1].  The Court thus finds that there is no genuine issue of material fact regarding the validity and authenticity of the Judgment.  See Ocasio-Hernandez, 777 F.3d at 4 ("To succeed in showing that there is no genuine dispute of material fact, the moving party must direct [the court] to specific evidence in the record that would be admissible at trial.").  As Plaintiffs are therefore entitled to full faith and credit of the Judgment, the Court GRANTS summary judgment and gives full faith and credit to the outstanding amount of the Judgment.[3]

---

[3] Plaintiffs do not appear to request in their motion for summary judgment that the Court initiate supplementary process proceedings at this time, but Defendant suggests that it would be inappropriate for them to seek that remedy in this Court.  See [ECF No. 21 at 2].  The Massachusetts supplementary process statute, Massachusetts General Laws ch. 224, § 14, provides in part that

> [a] judgment creditor or a person in his behalf may file in court an application for supplementary process under this chapter.  Upon the filing of such an application, a summons may issue, requiring the judgment debtor to appear at a time and place named therein and submit to an examination relative to his or its property and ability to pay.

Mass. Gen. Laws ch. 224, § 14; see also Mass. Gen. Laws ch. 224, § 15 ("The judgment debtor, if appearing, shall be examined on oath as to his or its property and ability to pay . . . .").  The purpose of the statute is "to provide a searching inquiry into the ability of the judgment debtor to pay his legal obligation."  Aetna Cas. & Sur. Co. v. Rodco Autobody, 965 F. Supp. 104, 107 (D. Mass. 1996) (internal quotations and citations omitted).  Pursuant to Federal Rule 69(a)(1), this proceeding may be adjudicated in federal court.  See generally, e.g., id. (exercising Massachusetts supplementary process procedure in post-judgment proceeding).  Thus, because the Court has diversity jurisdiction over this case, Plaintiffs may file an application for summary process in this Court.  See Pope v. Lewis, No. 14-cv-14373, 2018 WL 2023512, at *2 (D. Mass. May 1, 2018).

**IV.      INTEREST AND COSTS**

Plaintiffs request that interest be calculated under the Massachusetts statutory rate, and that the Court award them costs. [ECF No. 18 at 5]. Defendant does not respond to either request.

Interest on out-of-state judgments is computed based on Massachusetts statutes. Murphy's Case, 224 N.E.2d 462, 235 (Mass. 1967). In Massachusetts, interest on contract and tort claims are both calculated at 12 percent per annum. Mass. Gen. Laws ch. 231, §§ 6B (tort), 6C (contract). Though it is unclear here whether Defendant violated a contract or a fiduciary duty, the latter "sounds in Tort," and thus the correct interest rate is 12 percent per annum in either case. See Lattuca v. Robsham, 812 N.E.2d 877, 882 (Mass. 2004) (where "liability was based entirely on a breach of fiduciary duty, an action that sounds in tort[,] . . . prejudgment interest [] was calculated correctly under the statute governing tort actions"). Plaintiffs are therefore entitled to post-judgment interest calculated at 12 percent per annum beginning on the day of the commencement of this action. See Mass. Gen. Laws ch. 231, §§ 6B, 6C.

In addition, Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Plaintiffs are therefore entitled to costs.

**V.       CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for summary judgment, [ECF No. 17], is GRANTED. Plaintiffs are entitled to judgment in the amount of $290,605.15, plus costs and interest calculated at 12 percent per annum beginning on October 25, 2021.

**SO ORDERED.**

August 23, 2023                                             /s/ Allison D. Burroughs
                                                                      ALLISON D. BURROUGHS

                                                    U.S. DISTRICT JUDGE